Dear Senator Dean:
We are in receipt of your opinion request, seeking an advisory opinion on the following:
 1. If a candidate met all of the requirements to run for the position of school board member and won the election, but in less than two (2) years moved out of the parish, ward and district from which he was elected: (a) what action can (or is the action obligatory) the school board take to remove the official; and (b) what action can a constituent take to challenge the official?
 2. Is it dispositive that in the course of judicial proceedings the school board member declares his address as other than that given for his candidacy and office holding; is it more dispositive that the address is the matrimonial domicile of the person?
 3. Is such a declaration as matrimonial domicile binding until the individual by affidavit under the Civil Code declares a matrimonial domicile at another place?
 4. Is there any basis in law that such a declaration could have retroactive application?
In answer to your request, enclosed please find a copy of our opinion, number 92-384. Specifically, it has been and remains our opinion that if a school board member changes his domicile from the district he represents, he thereby vacates his seat. Additionally, the law very clearly states that a declaration of retention of domicile to the contrary is irrelevant in such a matter. LSA-R.S. 17:52 (E)(2) states:
 The seat of any member who changes his domicile from the district he represents . . . shall be vacated thereby, any declaration of retention of domicile to the contrary notwithstanding. (emphasis added.)
Additionally, LSA-R.S. 18:581 (1) states:
 (1) A `vacancy' occurs in an elective office when the office is or will be unoccupied by reason of . . . when the person elected to or holding the office no longer meets the residence or domicile requirements of that office, any declaration of retention of domicile to the contrary notwithstanding. (emphasis added.)
We also enclose a copy of Attorney General Opinion No. 91-433, which discusses the difference between domicile and residence. As discussed in our 1991 opinion, a person may have several residences, but only one domicile. The courts have stated many factors to be considered in determining the domicile of an individual, all of which should be considered when making a determination as to the vacancy of a position on the school board.
In further response to your first question, we direct you to the provisions of the election code, LSA-R.S. 18:671-675, which provide for a judgment declaring an office vacant when a voter files a written complaint, the proper official investigates and the official concludes that the officeholder no longer meets the residence or domicile requirements of the office.
We hope our earlier opinions, number 91-433 and number 92-384, and our opinion of this date answers all of your questions. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL __________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
ARL
Enclosures
DATE RECEIVED: 12/16/96
DATE RELEASED:
ANGIE ROGERS LaPLACE ASSISTANT ATTORNEY GENERAL